IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN SIVONGSAK,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:11-CV-604-Y |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. Parties

Petitioner Stephen Sivongsak, TDCJ # 782185, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

In 1995 petitioner was charged with capital murder in Criminal Court Number Three of Tarrant County, Texas. (State Habeas R. at 34) On March 14, 1997, pursuant to a plea bargain agreement, petitioner entered a plea of guilty to murder in exchange for a life sentence. (State Habeas R. at 35-36) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On May 4, 2011,[1] petitioner filed an application for writ of habeas corpus challenging his life sentence, on the same basis as he does in this petition, which was denied on June 22, 2011, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (State Habeas R. at cover, 2) This federal petition is deemed filed on August 19, 2011.[2] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. Issues

Petitioner raises one ground, wherein he claims his life sentence without parole is excessive and grossly disproportionate, given that he was a minor when the offense occurred and he was not

---

[1] Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir. 2007). However, the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, has adopted the prisoner mailbox rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998); *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). Although petitioner executed the "Inmate's Declaration" reflected on page 11 of his state habeas application on April 24, 2011, there is no indication when he placed the application in the prison mailing system. Thus, he is not given the benefit of the prison mailbox rule.

[2] A pro se federal habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

the "trigger man," in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Petition at 7-7a)

### E. STATUTE OF LIMITATIONS

Respondent argues that petitioner's petition for writ of habeas corpus should be dismissed with prejudice because his claim is time-barred. (Resp't Preliminary Resp. at 3-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioner claims subsection (C) or (D) is applicable to his petition based on the Supreme Court's decision in *Graham v. Florida*, — U.S. —, 130 S. Ct. 2011 (2010), decided on May 17, 2010, in which the Court held "the Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 130 S. Ct. at 2034. Petitioner, however, pleaded guilty to first degree murder, punishable by life imprisonment. *Graham* does not extend to a juvenile offender convicted of a homicide offense. Even if *Graham* were applicable, the Supreme Court noted that "a State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Graham*, 130 S. Ct. at 2034. Petitioner is eligible for parole, notwithstanding the fact that he may not yet have been considered or reviewed for parole by the Texas Board of Pardons and Paroles. Finally, there is no indication that the Supreme Court has held *Graham* retroactively applicable on collateral review.

Petitioner has not demonstrated that subsection (C) or (D) apply to his case based on *Graham* nor has he alleged that he was prevented from filing his federal petition because of a state-created impediment under subsection (B). Thus, he cannot rely upon these provisions to render his petition timely. Instead, under subsection (A), the limitations period began to run on his Eighth Amendment claim on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on April 13, 1997, and closed one year later on April 13, 1998, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed after the limitations period had already expired did not operate to toll the limitations period. *Scott*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, ___ (2010); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner's federal petition was due on or before filed on April 13, 1998; thus, his petition filed on August 19, 2011, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 19, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 19, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November ___28___, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE